**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HOPE MAGEE, individually and as Successor in Interest to JACOREY SHAW, deceased, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ADAM CHRISTIANSON, et al.,<br><br>Defendants. | CASE NO. 1:21-cv-00670-AWI-BAM<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS WITH PREJUDICE; AND**<br><br>**(2) CLOSING CASE**<br><br><br><br>(Doc. No. 51) |

Plaintiffs Hope Magee and Paul Shaw are the parents of Jacorey Shaw, who died on September 6, 2018 while in the custody of the California Department of Corrections and Rehabilitation ("CDCR").[1] Shaw was incarcerated at the Sierra Conservation Center ("SCC"), which is in Tuolumne County, at the time of his death, and his autopsy was conducted in and by Stanislaus County. Plaintiffs commenced this action on April 22, 2021, Doc. No. 1, and on June 28, 2021, they filed a First Amended Complaint ("FAC") (the operative pleading in this case) setting forth seven causes of action against Tuolumne County, Stanislaus County and certain persons in their respective employ:[2] (1) conspiracy to violate civil rights under 42 U.S.C. § 1985 ("First Cause of Action"); failure to prevent conspiracy to violate civil rights under 42 U.S.C. § 1986 ("Second Cause of Action"); supervisory liability for civil rights violations under 42 U.S.C.

---

[1] Detailed case summaries are provided in previous orders. See, e.g., Doc. No. 51 at 1:24-4:27.

[2] Rodney Hobbs, Oliver Imlach and Bill Pooley were named as Defendants in connection with their employment with Tuolumne County. Hobbs, Imlach, Pooley and Tuolumne County are referred to collectively herein as the "Tuolumne Defendants." Adam Christianson, Sung-Ook Baik and Frank Leyva were named as Defendants in connection with their employment with Stanislaus County. Christianson, Baik, Leyva and Stanislaus County are referred to collectively herein as the "Stanislaus Defendants." Individuals affiliated with the CDCR were also named as Defendants. They were terminated as Defendants in January 2022 following settlement. Doc. Nos. 42-45.

§ 1983 ("Third Cause of Action"); unconstitutional failure to train under § 1983 ("Fourth Cause of Action"); violation of substantive due process rights under § 1983 ("Fifth Cause of Action"); unconstitutional denial of medical care under § 1983 ("Sixth Cause of Action"); and unconstitutional failure to protect under § 1983 ("Seventh Cause of Action"). Doc. No. 7.

On July 1, 2022, the Court dismissed all claims against the Tuolumne Defendants on a motion brought by the Tuolumne Defendants. Doc. Nos. 19 & 51. The First Cause of Action—which the Court construed as arising under § 1985(3)—was dismissed with prejudice because Plaintiffs could not allege facts showing that Shaw was a member of a protected class for purposes of the conduct at issue. Doc. No. 51 at 6:14-9:28. The Second Cause of Action was dismissed with prejudice because Plaintiffs failed to allege a predicate § 1985 violation, as required for a § 1986 claim. Id. at 10:2-23. And all seven causes of action were dismissed with prejudice on the grounds that they were untimely. Id. at 13:15:19-20:14. Specifically, the Court stated as follows:

> … [T]he statute of limitations runs from September 6, 2018 at the latest for Plaintiffs' conspiracy claims under the last overt act doctrine, and the last overt act doctrine has no applicability to claims that do not involve conspiracy. Given the filing date of this action, tolling under [California Judicial Council's Emergency Rule of Court Rule 9 ("Emergency Rule 9")] is insufficient to save claims running from September 6, 2018. Finally, Plaintiffs did not adequately plead delayed discovery in the FAC and effectively concede in the opposition that delayed discovery does not apply. The Court therefore finds that all of Plaintiffs' claims are time-barred. This defect cannot be cured with amendment so the claims will be dismissed with prejudice. [citation omitted]

Id. at 20:7-14.[3]

In addition to dismissing all seven causes of action as to the Tuolumne Defendants, the Court dismissed the First and Second Causes of Action with prejudice as to the Stanislaus Defendants and gave Plaintiffs 14 days to show in writing why their claims were not time-barred as to the Stanislaus Defendants. Doc. No. 51 at 20:15-21:2. The order also stated that "all claims against the Stanislaus Defendants [would] be dismissed with prejudice as time-barred and this case [would] be closed without further notice to the parties" if Plaintiffs failed to make the required

---

[3] In addition to foregoing, the Court dismissed the Third, Fourth, Fifth, Sixth and Seventh Causes of Action for failure to state a claim, Doc. No. 51 at 12:15-15:17, and denied Plaintiffs' request to restate the First Cause of Action as a § 1983 claim on the grounds that any such claim would be time-barred. Id. at 20:18-20.

2

showing. Id. at 20:28-21:2.

Plaintiffs have not filed anything in response to the July 1, 2022 order to show cause and the deadline for doing so has passed. See Doc. No. 51 at 20:26-28. Reviewing the record confirms that all seven of Plaintiffs' claims arose no later than September 6, 2018 (the day of Shaw's death), even applying the last overt act doctrine. See id. at 15:18-18:19. The longest applicable statute of limitations was two years, see id. at 15:23-16:3, and this action was not filed until April 22, 2021. See Doc. No. 1. Plaintiffs have not shown—or even attempted to show—delayed discovery and tolling under Emergency Rule 9 is not sufficient to save Plaintiffs' claims, even assuming Emergency Rule 9 applies in federal court. See Doc. No. 51 at 18:9-20:5.

The Court therefore finds that all seven of Plaintiffs' claims are time-barred as to the Stanislaus Defendants and that, consequently, dismissal is warranted. See United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc., 720 F.3d 1174, 1178 (9th Cir. 2013). Since there are no other remaining Defendants, the Court will enter judgment and close this case.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action (Doc. No. 7) are DISMISSED WITH PREJUDICE as to Stanislaus County, Adam Christianson, Sung-Ook Baik and Frank Leyva on the ground that they are time-barred;

2. All pending dates in this action—including the August 31, 2022 scheduling conference before Magistrate Juge McAuliffe—are VACATED;

3. The Clerk of Court is respectfully DIRECTED to ENTER JUDGMENT consistent with this order and the Court's July 1, 2022 order (Doc. No. 51) and CLOSE this case.

IT IS SO ORDERED.

Dated:  August 18, 2022

SENIOR DISTRICT JUDGE

3